UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL L. SHIPLEY,

    Petitioner,

v.

TERRY A. TIBBALS,
WARDEN,

    Respondent.

CASE NO. 2:15–cv–00631
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On March 15, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this case be dismissed. ECF No. 10. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF No. 11. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF No. 11, is **OVERRULED**. The *Report and Recommendation*, ECF No. 10, is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED**.

This case involves Petitioner's convictions after a jury trial in the Franklin County Court of Common Pleas on five counts of burglary and three counts of theft, stemming from five different incidents, which took place on August 21 and 28, 2011, involving Petitioner's entrance into open houses of homes for sale with

co-defendant Crystal Galloway as potential buyers in order to steal property from the home. Petitioner was sentenced to an aggregate term of twelve years in prison. *See State v. Shipley*, No. 12AP-948, 2013 WL 5308695 (Ohio App. 10th Dist. 2013). The Ohio Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court declined to consider the appeal and also denied a motion to reconsider that decision. *State v. Shipley*, 138, Ohio St.3d 1415 (Ohio 2014); *State v. Shipley*, 138 Ohio St.3d 1472 (Ohio 2014). Petitioner asserts that the evidence is constitutionally insufficient to sustain his convictions, that he was denied a fair trial due to admission of other acts evidence, and that his convictions are against the manifest weight of the evidence. The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted, without merit, or failing to provide a basis for habeas relief.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of insufficiency of the evidence. Petitioner argues that the state appellate court unreasonably determined that he entered homes for sale during open house events through the use of deceit, and that his burglary convictions therefore cannot stand, in view of evidence indicating that he had no knowledge that co-defendant Crystal Galloway intended to steal any property.[1] Petitioner

---

[1] Petitioner also argues that his burglary conviction, as charged in Count 4 of the Indictment, cannot stand because the evidence did not indicate that any property was stolen from that home. *Objection*, ECF No. 11, PageID # 1115. However, Petitioner does not appear to have previously raised this argument in the Ohio courts and it therefore is not now properly before this Court. In any event, this argument fails. The *Indictment* charged Petitioner with violating O.R.C. § 2911.12, by trespassing by force,

2

also appears to again argue that the state appellate court unreasonably applied Ohio law in determining that his entrance onto property that was open to the public constituted a "trespass" sufficient to establish that element of the offense of the burglary charge.

The state appellate court noted as follows in its factual findings:

> Appellant and Galloway were subsequently arrested, and appellant submitted to questioning by Detective Brian Lacy. According to appellant's statement to Detective Lacy, he admitted transporting Galloway to open houses, but denied knowing what Galloway did in the homes. Appellant stated he did not accompany Galloway around the homes but knew she was a "booster" and had stolen in the past. He claimed Galloway never told him she was stealing items from the homes they visited. According to appellant, he knew Galloway's mother to be alive and did not tell any realtor Galloway's mother died. When asked if he was "blocking" so Galloway could steal, appellant responded in the negative. (Tr. 440 .) Detective Lacy explained that a booster is a professional shoplifter, and a blocker is someone who runs interference to allow the theft to take place undetected. (Tr. 455.)
>
> \*\*\*
>
> Appellant's defense consisted solely of the testimony of Galloway. Galloway testified at trial that she and appellant did attend open houses at all of the above properties and admitted to stealing from each property that reported a theft. However, she stated appellant was unaware of her actions. She testified her initial purpose

---

stealth, or deception . . . "with purpose to commit in the structure . . . a criminal offense." *Indictment*, ECF No. 6-1, PageID # 55. Therefore, the State did not need to establish that Petitioner actually stole any property to sustain his conviction on this offense.

3

> in visiting the homes was to purchase a foreclosed property and not to steal any items from the property. Galloway also testified she was a heroin addict and she stole to support that addiction. On cross-examination, Galloway admitted appellant knew she was stealing to support her heroin habit and knew her to be a booster.

State v. Shipley, 2013 WL 5308695, at *5. However, the state appellate court found that evidence supported a finding that Petitioner had entered the homes with the intent to deceive, rejecting his claim of insufficiency of evidence in relevant part as follows:

> Appellant was convicted of five counts of burglary as defined in R.C. 2911.12(A), which states:
>
> No person, by * * * deception, shall do any of the following: (1)[t]respass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense.
>
> ***
>
> [W]e find this court's decision in In re Meachem, 10th Dist. No. 01AP1122, 2002–Ohio–2243, instructive on the issue of whether appellant had a privilege to be on the property such that he could not have committed a trespass and, therefore, not committed a burglary. The defendant in Meachem, pursued by police officers, sought refuge in a nearby home and used deception to gain entry. In Meachem, we stated, "pursuant to R.C. 2911.12(C), '[i]t is no defense to a charge under this section that the offender was authorized to enter or remain on the land or premises involved, when such authorization was secured by deception.'" Id. at ¶ 17. We further stated:
>
> "Deception" means knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information,

4

by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact.

*Id.* at ¶ 18, citing R.C. 2913.01(A). "In order to be guilty of a criminal trespass through deception, a defendant must be aware either that a false impression is created or perpetuated or, knowing that the victim holds a false impression, withholds or prevents the victim from obtaining information to the contrary." *Id.* at ¶ 19, citing *Mayfield Hts. v. Riddle*, 108 Ohio App .3d, 341–42 (8th Dist.1995); *see also In Re J.M.,* 7th Dist. No. 12 JE 3, 2012–Ohio–5283.

The evidence presented permits the jury to infer that appellant had the requisite intent to aid and abet Galloway's thefts and feigned interest in the home to gain access. The state introduced appellant's statement to Detective Lacey, which revealed appellant was aware, at the time of the open houses, that Galloway was a professional shoplifter or booster. Appellant stated to Detective Lacey, "[s]he steals stuff every now and then, I'm sure." (Tr. 438). Additionally, each realtor and homeowner testified if they were told appellant and Galloway had the intent to steal they would not have granted appellant access to the home. Finally, a jury could infer video evidence of the GFS incident shows appellant aiding Galloway in a theft a month after the open houses in a manner consistent with appellant's behavior at the open houses.

The element of deception is satisfied by knowingly withholding information. As we previously held in *Meachem,* privilege cannot provide an exception to trespass when gained via deception. Therefore, based on this evidence, we find a reasonable jury could infer that appellant had the intent upon entering the homes to commit a criminal offense and gained access to the homes through exercising deceit.

5

The state also presented evidence that appellant's deceit continued once he was in each home. At the 3945 Dinon Drive open house, Amicon testified appellant stated he was taking Galloway to look at houses because her mom had recently passed, and she was having a tough day. Clapham, who showed 6226 Kendall Ridge Boulevard, testified to an identical experience. According to Clapham, appellant said Galloway was having a tough day due to her mom's recent passing, so he was taking her to look at homes. Clapham also testified that appellant requested to view the basement numerous times, while Galloway stole from the master bedroom.

While showing the 4401 Kathryns Way property, Marble testified appellant told her they could now afford to buy a house because Galloway's mother had just passed away. Harrison testified to a nearly identical experience as Amicon and Clapham while showing the 4264 Wyandotte Woods property; the only difference being appellant stated Galloway's father allegedly passed away, not her mother. Finally, Elledge, the realtor who showed the 3900 Man O' War Court property, testified appellant informed him that Galloway's mom had just passed, and they were looking for a house for the kids. According to Galloway, her mother is still alive.

At each open house, appellant would continually engage the realtors in conversation of a personal nature so that attention was taken off Galloway. At the 6226 Kendall Ridge Boulevard open house, Clapham testified appellant went a step further than just engaging in verbal distraction by physically placing his person in a doorway to obstruct her view.

When viewing the evidence in a light most favorable to the state, a reasonable jury could conclude appellant deceived the realtors by both withholding information and feigning interest in the homes such that he committed a trespass. Accordingly, we find appellant's convictions of burglary to be supported by legally sufficient evidence.

6

*Id.* at *6–9. Petitioner does not dispute these factual findings, nor has he met his burden of rebutting the presumption of correctness afforded the factual findings of the state appellate court. 28 U.S.C. § 2254(e)(1). Despite Galloway's claim that Petitioner did not know she was stealing property, or that she had the intent to do so, this Court agrees that other substantial evidence discussed by the state appellate court supports the jury's finding that Petitioner did possess the requisite intent to aid and abet Galloway's thefts, and that he feigned interest in the homes in order to gain access.

There is a "double layer" of deference due to state court determinations about the sufficiency of the evidence. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir.2009), deference is due to the jury's finding of guilt because the substantive standard, announced in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." In addition, even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas corpus petitioner to overcome, and petitioner has not done so here.

Further, the state appellate court has determined the meaning of "trespass" as it is defined under Ohio law, and this Court is bound by that interpretation. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)).

> A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts, *see Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985), and is unavailable for alleged errors in the interpretation or application of state law, *see Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). Because state courts are the ultimate expositors of state law, the federal courts are bound by their constructions and limited to deciding whether a conviction violates the Constitution, laws or treaties of the United States. *See Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir.1995).

*Nelson v. Biter*, 33 F.Supp.3d 1173, 1176 (C.D. Cal. 2014). Therefore, even if the state appellate court misapplied Ohio law in this respect, that issue does not constitute a federal violation so as to provide a basis for federal habeas corpus relief.

For these reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, ECF No. 11, is **OVERRULED**. The *Report and Recommendation*, ECF No. 10, is **ADOPTED**

8

and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED** and this case is **DISMISSED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**